# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | CASE NO. 1:07-cv-00182-LJO-NEW (DLB) PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JAMES TILTON, et al., | (Doc. 1) |
| Defendants. | |

I.   Screening Order

    A.   Screening Standard

Plaintiff Stanley H. Solvey ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 2, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  B.  Plaintiff's Eighth Amendment Claim

Plaintiff is housed at Pleasant Valley State Prison ("PVSP"), where the events at issue in this action allegedly occurred.  This is a damages action against defendants California Department of Corrections and Rehabilitation ("CDCR") Acting Director Tilton, PVSP Warden Yates, PVSP Chief Medical Officer Igbignosa, and PVSP employees Beels, Greene, Chambers, Duty, Voss, Shannon, Hudson, Hilts, Long, Bradshaw, Sellers, and Tuley.

In his complaint, plaintiff alleges that he has Hepatitis C, which weakens his immune system, and was transferred to PVSP on November 4, 2003.  Plaintiff alleges that PVSP sits in a coccidiomycosis, or valley fever, endemic zone, and he was knowingly released into that dangerous environment.  In September of 2005, plaintiff became very ill and was subsequently diagnosed with valley fever on October 4, 2005.  These events form the basis of plaintiff's claim.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or

1  intentionally interfere with medical treatment," or in the manner "in which prison physicians
2  provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on
3  other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).
4  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
5  further harm in order for the prisoner to make a claim of deliberate indifference to serious
6  medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison
7  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

8      "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under
9  this standard, the prison official must not only 'be aware of the facts from which the inference
10 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
11 inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have
12 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
13 matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,
14 1188 (9th Cir. 2002)).

15     In order to state a claim for relief under section 1983 for violation of the Eighth
16 Amendment, plaintiff must allege sufficient facts to support a claim that each named defendant
17 "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at
18 837. The allegations set forth in plaintiff's complaint are not sufficient to support a claim that
19 the defendants' conduct rose to the level of an Eighth Amendment violation. Medical
20 malpractice does not become a constitutional violation merely because the victim is a prisoner."
21 Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316
22 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other
23 grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even
24 gross negligence is insufficient to establish deliberate indifference to serious medical needs. See
25 Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The court will provide plaintiff
26 with the opportunity to file an amended complaint.

27 ///
28 ///

2.  Claims Against Executives and Supervisory Personnel

CDCR executives and other supervisory personnel may not be held under section 1983 under a theory of respondeat superior. The causal link between them and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that the executives and supervisory personnel either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). No such facts have been alleged, and there is no basis set forth in the complaint upon which liability may be imposed under section 1983 against defendants Tilton, Yates, and Igbignosa.

C.  Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **May 23, 2007**           /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE