# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>            Plaintiff,<br><br>     v.<br><br>JAMES TILTON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-00182-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 20 and 27) |

Plaintiff Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 4, 2008, Plaintiff filed a motion seeking a court order mandating that he be transferred from the reception center at California State Prison-Lancaster. On July 8, 2008, Plaintiff filed a second motion seeking a court order mandating he be transferred out of the reception center immediately. Plaintiff contends that he is not getting access to the law library and his right of access to the courts is being violated. Plaintiff also contends that he is not being provided with adequate exercise and is not being provided with the pain medication he was previously prescribed.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

1

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, Plaintiff's Eighth Amendment claims arise from the exposure to Valley Fever while at Pleasant Valley State Prison and the subsequent medical care provided to Plaintiff at Pleasant Valley State Prison. (Docs. 11, 15, 16.) Plaintiff was released from custody following the filing of this action and then arrested in March of this year, apparently on a parole violation. (Docs. 13, 18.) Plaintiff is now housed at California State Prison-Lancaster and the orders sought are aimed at remedying his current conditions of confinement at that prison. The Court does not jurisdiction in this action to issue the orders sought, as the case or controversy requirement cannot be met in light of the fact that the issues Plaintiff seeks to remedy in his motions bear no relation to the past events at Pleasant Valley State Prison.

///
///
///
///

1  Accordingly, Plaintiff's motions for preliminary injunctive relief, filed June 4, 2008, and July
2  8, 2008, are HEREBY DENIED.

4  IT IS SO ORDERED.

5  **Dated:  August 21, 2008**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE