# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES TILTON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-00182-LJO-GSA PC<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE RE-SERVICE ON DEFENDANTS BRADSHAW AND VOSS VIA CONTACT WITH LEGAL AFFAIRS DIVISION OF CDCR<br><br>(Docs. 28 and 40) |

Plaintiff Stanley H. Solvey ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2008, the Court issued an order directing the United States Marshal to initiate service of process on eleven defendants. Service was returned un-executed as to two of the defendants, LVN Bradshaw and M. C. Voss. Based on the information set forth in the returned USM-285 forms, the Court cannot make a finding that Plaintiff has not provided sufficient information to locate these two defendants. Therefore, **the Marshal shall initiate re-service by contacting the Legal Affairs Division of the California Department of Corrections and Rehabilitation for assistance in locating and effecting service on these two defendants**.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. For <u>each</u> defendant to be served, the Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

    (1) One completed and issued summons;

1

  (2) One completed USM-285 form;

  (3) One copy of the amended complaint filed on June 20, 2007, plus an extra copy for the Marshals Service;

  (4) One copy of this order, plus an extra copy for the Marshals Service; and

  (5) One copy of the Court's consent form.

2. Within ten days from the date of this order, **the Marshals Service is directed to contact the Legal Affairs Division of the California Department of Corrections and Rehabilitation for assistance in identifying and locating the following defendants** to notify them of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

  **MS. BRADSHAW, LVN at PVSP in March 2006 (date of incident)**

  **M. C. VOSS, APPEALS OFFICE, PVSP**

3. The Marshals Service is directed to retain the summons and a copy of the amended complaint in its file for future use.

4. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the Marshals Service shall initiate personal service pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

6. If personal service is effected, within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. **Costs of service will be taxed against the personally served defendant in accordance with the provisions of**

**Fed. R. Civ. P. 4(d)(2).**

7. In the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the Marshals Service need not personally serve those defendants.

8. In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **November 13, 2008**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE