# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>               Plaintiff,<br><br>   v.<br><br>JAMES TILTON, et al.,<br><br>               Defendants.<br>_____ / | CASE NO. 1:07-cv-00182-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE, AND DENYING REQUEST FOR SANCTIONS<br><br>(Doc. 70) |

     Plaintiff Stanley H. Solvey, a former state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law. The action is proceeding on Plaintiff's amended complaint, filed June 20, 2007, on Plaintiff's Eighth Amendment and state law tort claims arising from his exposure to and illness from Valley Fever, and the treatment of his subsequent medical issues and complaints by prison staff members.

     On March 27, 2009, Plaintiff filed a motion to compel the production of documents and a request for sanctions. Defendants Yates, Igbinosa, Beels, Greene, Long, Duty, Hilts, Sellers, and Chambers filed an opposition on April 20, 2009. The motion has been deemed submitted pursuant to Local Rule 78-230(m).

     Plaintiff seeks to compel responses to his requests for the production of a current copy of the Department Operations Manual (D.O.M.), and a copy of the Operational Procedures (O.P.) for Pleasant Valley State Prison. Defendants objected to the discovery request on the grounds they were vague, ambiguous, overly broad, and not relevant. In addition, Defendants stated the non-confidential sections are available in the prison law library for inspection and copying.

1

Plaintiff contends that Defendants' objections are frivolous and evasive, that the O.P. for Pleasant Valley State Prison is not available in the law library at Salinas Valley State Prison, that the D.O.M. is over five-hundred pages and he is not allowed to copy it in its entirety, that he cannot afford the copying costs, and that once he paroles on March 26, 2009, he will not have access to the prison law library. Defendants contend that Plaintiff has not met his burden of demonstrating actual and substantial prejudice arising from the denial of discovery, and that his discovery requests failed to delineate which sections he needed, leaving them to speculate. In addition, Defendants contend that they should not have to bear the cost of copying documents that are equally available to Plaintiff.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Ordinarily, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

Defendants' objections to Plaintiff's discovery requests on the grounds they are vague, ambiguous, and overly broad are sustained. The information sought must be relevant to Plaintiff's pending claims, and the Court is unpersuaded that the D.O.M. and the O.P. *in their entirety* are relevant to Plaintiff's claims.

By separate order, the Court extended the discovery deadline. Plaintiff may redraft and reserve these requests. The requests should be limited to the sections or subject matter relevant to Plaintiff's claims, and the documents sought must be described with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A). Plaintiff is on parole now, and it is not clear that he has access to documents in the prison law libraries. Further, the Court can and will shift copying costs if it deems it necessary to do so. These issues, however, will be addressed only if Plaintiff reserves the discovery requests and the requests become subject to another motion to compel.

///

1 | For the reasons set forth herein, Plaintiff's motion to compel, filed March 27, 2009, is
HEREBY DENIED, without prejudice. The motion is devoid any grounds supporting the imposition
of sanctions against Defendants, and the request for sanctions is DENIED. Fed. R. Civ. P. 37.

IT IS SO ORDERED.

**Dated:** **May 6, 2009**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE