# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:07-cv-00182-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT (Doc. 92)<br><br>ORDER DIRECTING DEFENDANTS TO RE-SERVE STATUS REPORT ON PLAINTIFF AT HIS NEW ADDRESS OF RECORD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY, AND EXTENDING PRETRIAL DISPOSITIVE MOTION DEADLINE (Doc. 93)<br><br>Amended Deadline to File Pretrial Dispositive Motions: 02/01/2010 |

   Plaintiff Stanley H. Solvey, a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law. The action is proceeding on Plaintiff's amended complaint, filed June 20, 2007, on Plaintiff's Eighth Amendment and state law tort claims arising from his exposure to and illness from Valley Fever, and the treatment of his subsequent medical issues and complaints by prison staff members.

   On October 23, 2009, the Court issued an order requiring the parties to file status reports setting forth whether further discovery is needed and if so, how much more discovery is anticipated. On November 12, 2009, Plaintiff filed a motion seeking an extension of time to file his status report due to his change of address to the Los Angeles County Jail, and on November 16, 2009, Plaintiff

///

filed his status report. Defendants Yates, Igbinosa, Beels, Greene, Duty, Chambers, Hilts, Long, Sellers, and Bradshaw filed their status report on November 19, 2009.

Plaintiff's motion for an extension of time is denied as moot. Due to Plaintiff's re-incarceration, Defendants shall note Plaintiff's change of address for their records and re-serve their status report. The parties were not invited to respond to the opposing status report, so this order shall issue despite the need for Defendants to re-serve their status report. Plaintiff is admonished that he is required to file a notice of change of address each and every time his address changes. Local Rule 83-182(f). In this instance, the Court noted the change from his filings of November 12, 2009, and sua sponte changed its records. However, Plaintiff may not rely on the Court's sua sponte notice of an address change, and in the future, is required to file a notice of change of address.

Defendants need no further discovery. Plaintiff sets forth five discovery requests and represents that he needs that information but no other further discovery. The discovery requested includes documents, and the names and locations of several inmate witnesses.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

The discovery phase of this litigation began on September 3, 2008, pursuant to the scheduling order. On May 6, 2009, the Court issued an amended scheduling order which extended the deadline for the completion of discovery to September 30, 2009. On October 23, 2009, the Court invited the parties to notify the Court if they needed further discovery because the Court became aware that the amended scheduling order had not been made available on the docket and had not been served on the parties.[1]

///

---

[1] Another order issued the same day was scanned into the docket and served twice while the amended scheduling order was neither scanned nor served. (Doc. 90.)

2

First, Plaintiff may not serve Defendants with discovery requests via his status report. Further, he may not seek to compel a response to his discovery requests via his status report. Discovery requests must be served directly on the opposing party, as Plaintiff was notified via the first informational order, filed February 15, 2007, and the original scheduling order, filed September 3, 2008.  Therefore, Plaintiff's request that he be provided with the documents and information set forth in his status report is denied.

Next, Plaintiff makes no showing that he previously tried to obtain the documents and information from Defendants through discovery.  The parties were invited to notify the Court whether they needed further discovery in the event that the non-receipt of the amended scheduling order caused an actual hardship with respect to completing discovery.  A party seeking further discovery is still required to demonstrate due diligence to support a finding of good cause.  Because Plaintiff has not shown due diligence with respect to conducting discovery and with respect to these discovery requests in particular, the Court will not extend the discovery deadline to allow Plaintiff to serve any further discovery requests.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file his status report, filed November 12, 2009, is DENIED as moot;

2. Defendants shall re-serve their status report on Plaintiff at his new address of record;

3. Plaintiff's motion for discovery, filed November 16, 2009, is DENIED; and

4. In order to afford the parties a fair opportunity to draft and file their motions, the deadline for filing pretrial dispositive motions is extended from November 30, 2009, to February 1, 2010.

IT IS SO ORDERED.

Dated:   **November 20, 2009**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE