1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   STANLEY H. SOLVEY,                          CASE NO. 1:07-cv-00182-LJO-GSA PC

10              Plaintiff,                       FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING DISMISSAL OF
11       v.                                      DEFENDANT VOSS PURSUANT TO
                                                 RULE 4(M)
12   JAMES TILTON, et al.,
                                                 (Doc. 85)
13
                Defendants.                      OBJECTIONS DUE WITHIN THIRTY DAYS
14   _____/

15
16          Plaintiff Stanley H. Solvey, a prisoner proceeding pro se, filed this civil rights action pursuant

17   to 42 U.S.C. § 1983 and California law.  On June 23, 2008, the Court issued an order directing the

18   United States Marshal to initiate service of process on eleven defendants.  (Doc. 24.)  However, the

19   Marshal was unable to locate and serve Defendant Voss, despite the issuance of a second order

20   directing service on November 17, 2008.  (Docs. 45, 52.)

21          Pursuant to Rule 4(m),

22          [i]f service of the summons and complaint is not made upon a defendant within 120
            days after the filing of the complaint, the court, upon motion or on its own initiative
23          after notice to the plaintiff, shall dismiss the action without prejudice as to that
            defendant or direct that service be effected within a specified time; provided that if
24          the plaintiff shows good cause for the failure, the court shall extend the time for
            service for an appropriate period.

25   Fed. R. Civ. P. 4(m).

26          In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

27   Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro

28   se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by <u>Sandin v. Connor</u>, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" <u>Walker</u>, 14 F.3d at 1422 (quoting <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. <u>Walker</u>, 14 F.3d at 1421-22.

In this instance, the Marshal was unable to locate Voss. (Doc. 52.) Plaintiff was notified by the Court that he had to provide further information on Voss by the close of discovery, and if he did not do so, Voss would be dismissed from the action. (Doc. 85.) Discovery closed on September 30, 2009, and Plaintiff did not provide any further information on Voss.[1]

Accordingly, it is HEREBY RECOMMENDED that Defendant Voss be dismissed from this action based on Plaintiff 's failure to provide information sufficient for the United States Marshal to effect service of process. Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

///

---

[1] In a separate order issued concurrently with this recommendation, the Court denied Plaintiff's motion for an order directing the Marshal to attempt service on Voss for a third time. The Court found that the information provided by Plaintiff in his motion, which was filed on November 12, 2009, did not bring into doubt the veracity of the Legal Affairs Division's representation that it does not have current contact information for Voss.

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

2  1153 (9th Cir. 1991).

3

4

5       IT IS SO ORDERED.

6  **Dated:**   **November 20, 2009**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28