# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | CASE NO. 1:07-cv-00182-LJO-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR THIRD ORDER INITIATING SERVICE OF PROCESS ON DEFENDANT VOSS |
| v. | |
| JAMES TILTON, et al., | (Doc. 91) |
| Defendants. | |

This is civil rights action pursuant to 42 U.S.C. § 1983 and California law filed by Plaintiff Stanley H. Solvey, a prisoner proceeding pro se. On February 23, 2009, the Court ordered Plaintiff to show cause why Defendant M. C. Voss should not be dismissed from this action based on Plaintiff's failure to provide sufficient information for the United States Marshal to locate and serve Voss. Fed. R. Civ. P. 4(m). Plaintiff filed a response on March 3, 2009, and on July 9, 2009, the Court discharged the order to show cause. In that order, the Court stated:

> Although Plaintiff contends that Voss was a high ranking employee who retired from the California Department of Corrections and Rehabilitation and should be collecting a pension check, the United States Marshal was informed by the Legal Affairs Division that it had no information or current address for Voss. (Doc. 52.)
>
> Contact with the Legal Affairs Division exhausts the Court's and the Marshal's final available avenue for information on locating CDCR employees. Should it be demonstrated that false information was supplied to the Marshal, the Court will take appropriate action. However, at this juncture, the Court must accept that CDCR does not know where Voss is located. Plaintiff may attempt to secure further information on Voss's location through the discovery process. The failure to supply further information on Voss by the close of discovery will result in the dismissal of Voss from this action. Fed. R. Civ. P. 4(m).

(Doc. 85, Order, 1:20-2:2.)

On November 12, 2009, Plaintiff filed a motion seeking an order directing the United States Marshal to initiate service of process on Voss for the third time. In support of his motion, Plaintiff submits four prison appeals office documents bearing Voss's name, and Plaintiff's statement that he was told by Captain Petrick at Pleasant Valley State Prison that Voss retired in 2007.

The issue is not that CDCR denies having a former employee named Voss or that CDCR is unable to identify a former employee by the name of Voss. Rather, the Legal Affairs Division notified the Marshal that it did not have any information on or current address for Voss. (Doc. 52.) Although Plaintiff represents that the records submitted show that Voss was a high ranking CDCR official, the records merely identify Voss as an appeals coordinator. Further, the Court cannot determine from Plaintiff's representation of information obtained from Petrick, which is hearsay, that Petrick is in a position to know that Voss in fact retired from and is drawing a pension from CDCR, information which would potentially be sufficient to raise doubt as to the ability of CDCR to locate Voss.

Plaintiff has not submitted any information from which the Court is able to make a finding that the Legal Affairs Division falsely represented that it does not have current contact information Voss. The submission of documents showing that Voss worked as an appeals coordinator for the prison, and the unverified information that Voss possibly retired in 2007 does not demonstrate that the Legal Affairs Division supplied false information. Accordingly, Plaintiff's motion for a third order directing service on Voss, filed November 12, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 20, 2009**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE