# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | CASE NO. 1:07-cv-00182-LJO-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF AUTHENTICATED MEDICAL FILE |
| v. | |
| JAMES TILTON, et al., | (Doc. 109) |
| Defendants. | |

On February 9, 2010, Plaintiff Stanley H. Solvey, a prisoner proceeding pro se in this civil rights action, filed a motion seeking the production of an authenticated copy of his medical file. Plaintiff may not seek discovery from the Court, and therefore, his request that the Court directly order the production of the file from the California Department of Corrections and Rehabilitation is denied.

Further, the discovery phase of this litigation was open for more than a year. This document request should have been directed to Defendants via a timely request for the production of documents. Fed. R. Civ. P. 34. There is no indication Plaintiff timely sought to obtain these documents during discovery, and although Plaintiff is correct that Defendant Bradshaw only recently filed an answer, Plaintiff has made no showing that these documents were only obtainable from Bradshaw. Indeed, any such representation would lack merit given that the defendants in this action include the warden, the chief medical officer, and other prison medical personnel. Bradshaw, on the other hand, was a contract employee, so any suggestion that she, and only she, had care, custody, or control over Plaintiff's medical file is simply not supportable. As a result, her recent appearance in

1

this action is not cause to allow further discovery for the purpose of allowing Plaintiff to obtain his medical file. Modification of a scheduling order requires a showing of due diligence and Plaintiff has made no such showing. Fed. R. Civ. P. 16(b)(4).

Finally, this issue was previously addressed by the Court. (Docs. 90, 96.) On October 23, 2009, the parties were directed to file status reports regarding the need for further discovery. (Doc. 90.) The order requiring status reports was issued because the Court discovered that its previous order extending the discovery deadline to September 30, 2009, had not been served and the Court wanted to ensure that the parties were not been prejudiced with respect to completing discovery due to the error. Defendants did not need any further discovery, and Plaintiff set forth five apparently new discovery requests in his status report, one of which was for his medical file. (Doc. 93.) Plaintiff was informed that he could not seek discovery via requests set forth for the first time in his status report, and Plaintiff failed to demonstrate that he had tried to obtain the documents from Defendants through discovery. (Doc. 96.) Because Plaintiff did not make *any* showing of due diligence or prejudice resulting from the service error, the Court declined to further extend the discovery deadline. (Id.)

For the foregoing reasons, Plaintiff's motion for the production of an authenticated copy of his medical file, filed February 9, 2010, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated: **February 19, 2010**        /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE