# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | 1:07-cv-00182-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF DEFENDANT BRADSHAW PURSUANT TO RULE 4(m) |
| v. | |
| JAMES TILTON, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

Stanley H. Solvey ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2008, the Court issued an order directing the United States Marshal to initiate service of process on eleven defendants. (Doc. 24.) However, the Marshal was unable to locate and serve defendant Bradshaw, despite the issuance of a second order directing service on November 17, 2008, and a third order directing service on July 9, 2009. (Docs. 28, 45, 53, 86, 89.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

1

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff paid the $350.00 filing fee for this action on February 14, 2007, and therefore is not eligible to proceed in forma pauperis. However, on March 22, 2007, pursuant to Rule 4(c)(2), the Court granted Plaintiff's request for a court order directing the Marshal to effect service of the summons and complaint for him. (Doc. 9.) The Marshal was unable to identify and locate defendant Bradshaw. (Doc. 28.) On November 17, 2008, the Court issued an order directing the Marshal to again attempt to locate and serve defendant Bradshaw through contact with the Legal Affairs Division of the California Department of Corrections and Rehabilitation. (Doc. 45.) The Marshal's second attempt to locate and serve defendant Bradshaw was unsuccessful, and on January 30, 2009, the Marshal's USM-285 form was returned to the Court with certification that the Legal Affairs Division has no record of an LVN Bradshaw. (Doc. 53.) On February 23, 2009, the Court issued an order for Plaintiff to show cause why defendant Bradshaw should not be dismissed for failure to effect service. (Doc. 58.) Plaintiff responded with additional information, and on July 9, 2009, the Court issued a third order for the Marshal to attempt service upon defendant Bradshaw. (Doc. 86.) The Marshal's third attempt was unsuccessful, and on September 21, 2009, the Marshal's USM-285 form was returned to the

Court with the certification that the Marshal was unable to locate defendant Bradshaw.  (Doc. 89.)

The Court and the Marshal have exhausted the avenues available for identifying and locating this defendant on behalf of Plaintiff, and Plaintiff is unable to provide the Marshal with a current address at which defendant Bradshaw can be located.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Bradshaw be dismissed from this action, based on Plaintiff's failure to provide information sufficient for the Marshal to effect service of process.  Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 22, 2010**              /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

3